# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 1:20-cv-20644-BLOOM/Louis

BUSHMANS INC.,

    Plaintiff,

v.

AMERICAN FRUIT & PRODUCE CORP;
HUGO ACOSTA, JR.; DAVID ACOSTA;
MICHAEL ACOSTA; and DANIEL ACOSTA,

    Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Plaintiff's, Bushmans Inc. ("Plaintiff"), *Ex-Parte* Motion for Temporary Restraining Order, ECF No. [11] ("Motion"). The Court has reviewed the Motion, the Memorandum in Support, ECF No. [12], the Declaration of Gerald R. (Robert) Dobbe, Jr., ECF No. [13] ("Dobbe Decl."), the Certification of Counsel as to Why Notice Is Not Required Pursuant to Rule 65(b), ECF No. [14], the record in this case, applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.     BACKGROUND

Plaintiff is a licensed buyer and seller of wholesale quantities of perishable agricultural commodities ("produce") by the United States Department of Agriculture ("USDA"). *See* Dobbe Decl. at ¶ 4. Defendant, American Fruit & Produce Corp. ("American Fruit"), is also a licensed buyer and seller of wholesale quantities of produce by the USDA. *See id.* at ¶ 5. On February 13, 2020, Plaintiff filed the instant lawsuit against Defendants seeking relief under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq.*, federal common law,

and state law. ECF No. [1]. Plaintiff brings claims against American Fruit for breach of contract (Count I), declaratory relief validating the PACA trust claim (Count II), enforcement of payment from the PACA trust assets (Count III), failure to maintain PACA trust assets and creation of common fund (Count IV), and failure to pay promptly (Count V). *Id.* Plaintiff also brings claims against the co-defendants for declaratory relief (Count II), breach of fiduciary duty to PACA trust beneficiaries (Count VI), and unlawful retention of PACA trust assets (Count VII).[1] *Id.*

Plaintiff represents that between February 20, 2019 and May 28, 2019, it sold produce to American Fruit exceeding $625,000.00 in value, of which $411,753.10 remains outstanding. Dobbe Decl. at ¶ 6. Plaintiff maintains that it issued and transmitted invoices to American Fruit by email and U.S. Mail identifying the kind and quantities of produce and the agreed prices for each transaction. *See id.* at ¶¶ 8-9. The invoices also included the required PACA statutory trust language, *id.* at ¶ 10, and included additional terms and conditions regarding payment. *Id.* at ¶ 11. American Farm never denied receiving the invoices nor the terms and conditions stated on them, and it accepted the produce from Plaintiff. *Id.* at ¶¶ 7, 12. Since receipt of the invoices, American Farms has not paid for the produce within the agreed payment terms. *Id.* at ¶ 13. Plaintiff affirms that the $411,753.10 balance owed by American Fruit for the produce it purchased "is undisputed, unpaid, and past due" and is exclusive of interest, costs, and attorney's fees. *Id.* at ¶ 21.

According to Plaintiff, American Fruit has "continued to send packages of post-dated checks in an attempt to reduce its outstanding balance due to" Plaintiff. *Id.* at ¶ 15. Since June 2019, some checks cleared but others were returned for insufficient funds. *Id.* at ¶ 16. In January 2020, Plaintiff received a package of post-dated checks from American Fruit. It deposited a check

---

[1] The Complaint inaccurately labels Count VII against the co-defendants as Count VIII. *See* ECF No. [1] at 9.

dated February 5, 2020 but learned on February 11, 2020 that the check did not clear due to insufficient funds. *Id.* at ¶ 18. Plaintiff then contacted American Fruit about the bounced check and Plaintiff's concerns about American Fruit's ability to pay the past due balance. *Id.* at ¶ 19. Mr. Dobbe, on behalf of Plaintiff, however, never received any communication from American Fruit despite being told by David Acosta, on behalf of American Fruit, that Mr. Dobbe would be contacted. *Id.*

In light of American Fruit's lack of communication, its failure to wire funds to Plaintiff to cover the February 5, 2020 check, and the entry of a separate temporary restraining order against American Fruit in a different lawsuit brought by a PACA creditor for American Fruit's failure to pay the outstanding balance for produce purchased by it, Plaintiff believes that American Fruit has failed to maintain sufficient trust assets to satisfy its PACA trust obligations to Plaintiff and that American Fruit will continue to neglect paying Plaintiff back. *Id.* at ¶¶ 22-23.

Congress enacted PACA in 1930 to encourage fair trading practices in the marketing of produce. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 155 (11th Cir. 1990). Under PACA, the Secretary of Agriculture must license all merchants, dealers, and brokers of produce placed in interstate or international commerce. 7 U.S.C. § 499c. In 1984, Congress amended PACA in response to a pervasive practice by which produce dealers granted lenders security interest in produce for which the dealers had not fully paid. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). The 1984 amendment established a statutory trust over any goods, receivables, or proceeds from perishable agricultural commodities until the buyer makes full payment to the supplier. 7 U.S.C. § 499e(c).

Plaintiff asserts that it is a PACA trust beneficiary of American Fruit. *See* ECF No. [12] at 1. The instant Motion seeks to enjoin American Fruit, its agent, officers, servants, employees,

successors, financial and banking institutions, attorneys, and all other persons in active concert or participation with them (including co-defendants Hugo Acosta, Jr., David Acosta, Michael Acosta, and Daniel Acosta) from using, consuming, or otherwise dissipating trust assets under PACA, or making payment of PACA trust assets to any creditor, person, or entity under further order of this Court or upon Plaintiff's agreement. ECF No. [ 11] at 2.

Plaintiff represents that the evidence establishes that American Fruit is in "severe financial jeopardy and the PACA trust assets are being threatened with dissipation." ECF No. [12] at 8. It asserts that notice of the Motion is not required because "notice will afford American Fruit an opportunity to dissipate trust assets that are required by statute to be held for [Plaintiff's] benefit" by giving American Fruit and its principals "the opportunity to make payments on PACA trust claims of other PACA creditors and non-trust debts with PACA trust assets" such that recovery of trust assets "is all but impossible after they are dissipated." *Id.* at ECF No. [14].

## II. DISCUSSION

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided."

*Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008). Further, a temporary restraining order may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *See* Fed. R. Civ. P. 65(b)(1).

Here, it clearly appears from the Dobbe Declaration (Plaintiff's sales/export coordinator) that Plaintiff is a produce dealer and trust beneficiary of American Fruit under PACA, 7 U.S.C. § 499e(c), and has not been paid as required by PACA for $411,753.10 in produce supplied to American Fruit. *See id.* at ¶¶ 4, 6-13, 21. It is also clear from the Dobbe Declaration and the Certification of Counsel, ECF No. [14], that American Fruit is experiencing serious financial problems and that PACA trust assets are being dissipated or threatened with dissipation. *Id.* In late May or early June 2019, Plaintiff ceased selling produce to American Fruit due to its outstanding balance and Plaintiff's receipt of checks from American Fruit that were unpaid and returned for insufficient funds. *See* Dobbe Decl. at ¶ 14. American Fruit continued to send post-dated checks, but some checks would not clear due to continued insufficient funds. *Id.* at ¶¶ 15-17. Further, in January 2020, Plaintiff received additional post-dated checks, but upon attempting to deposit a check dated February 5, 2020, that check also did not clear due to insufficient funds. *Id.* at ¶ 18. Then, after Mr. Dobbe contacted David Acosta about the bounced check, he was told that someone from American Fruit would contact him, but no communication has since occurred. *Id.* at ¶ 19. Moreover, Plaintiff has recently discovered that another PACA trust creditor has initiated suit against American Fruit and obtained the same remedy Plaintiff seeks here. *Id.* at ¶ 20.

In upholding the jurisdiction of district courts to entertain injunctive actions by private

parties under the PACA, the Eleventh Circuit recognized trust dissipation as a dispositive factor in determining whether to grant relief in such actions:

> Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

*Frio Ice*, 918 F.2d at 159 (footnote omitted).

On the basis of Plaintiff's Motion, supporting papers, and other submissions, it appears American Fruit is dissipating PACA trust assets or that the PACA trust assets are threatened with dissipation. Plaintiff has shown that it is substantially likely to succeed on the merits, that it will suffer immediate and irreparable harm due to American Fruits' dissipation of Plaintiff's beneficial interest in the statutory trust created in accordance with 7 U.S.C. § 499e(c), that such dissipation will continue in the absence of injunctive relief, and that an injunction will not harm the public interest. Therefore, the Court finds that a temporary restraining order should be issued. Further, in accordance with Rule 65(b)(2), Plaintiff's counsel has certified why notice should not be required. Specifically, if notice is given to American Fruit during the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted in PACA's legislative history, once dissipation has occurred, recovery of PACA trust assets is all but impossible. *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); *Taylor Farms Fla, Inc. v. Gennaro's Produce, Inc.*, No. 07-60259-CIV, 2007 WL 646987, at*2 (S.D. Fla. Feb. 27, 2007).

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's *Ex-Parte* Motion for

Temporary Restraining Order, **ECF No. [11]**, is **GRANTED** as follows:

1. Defendant American Fruit & Produce Corp and its officers, agents, servants, employees, successors, financial and banking institutions, attorneys, and all other persons in active concern or participation with them—including co-defendants Hugo Acosta, Jr., David Acosta, Michael Acosta, and Daniel Acosta—are enjoined and restrained from dissipating, disbursing, transferring, assigning or selling any and all assets covered by or subject to the PACA trust, or from making payment of PACA trust assets to any creditor, person, or entity until full payment of $411,753.10, plus interest, costs, and attorney's fees are paid to Bushmans Inc; or upon Bushmans Inc.'s agreement; or until further order of this Court.

2. The assets subject to this Order include all of the assets of American Fruit & Produce Corp unless American Fruit & Produce Corp can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, American Fruit & Produce Corp may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of setoff, on the condition that American Fruit & Produce Corp maintains the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. If American Fruit & Produce Corp fails to pay $411,753.10 in certified funds within

five (5) days of service of this Order on American Fruit & Produce Corp, then American Fruit & Produce Corp shall file with the Court an accounting that identifies all of its assets and liabilities, as well as each of its account receivables, signed under penalty of perjury. Further, within ten (10) days of the date of service of this Order on American Fruit & Produce Corp, American Fruit & Produce Corp shall furnish to Plaintiff's counsel all documents related to its (and any of its subsidiary or related entities) assets, liabilities, and account receivables, including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

5. Bushmans Inc shall not be required to post or give any security in view of the fact that American Fruit & Produce Corp now holds $411,753.10 of PACA trust assets that belong to Bushmans Inc and that this Order requires American Fruit & Produce Corp to comply with its preexisting obligations under the PACA.

6. Defendants shall immediately serve this Order upon any and all financial institutions with which they have a relationship.

7. This Temporary Restraining Order is entered this **14th day of February, 2020 at 4:00 p.m.,** and shall remain in full force and effect until **February 28, 2020**, unless extended for good cause shown upon motion duly filed and served on all parties.

8. Bushmans Inc is directed to immediately serve the Defendants, or their resident agent, or their counsel, with the summons, Complaints, the moving papers, and a copy of this Order.

9. A hearing on Plaintiff's Motion for Issuance of Preliminary Injunction, ECF No.

[15], is set for **Friday, February 28 at 1:00 p.m**. The hearing shall take place at Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128, Chambers 10-2 before Judge Beth Bloom.

10. Any response or opposition to Plaintiff's Motion for Issuance of Preliminary Injunction, ECF No. [15], must be filed and served on Plaintiff's counsel by **February 26, 2020.** Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them. *See* Fed. R. Civ. P. 65.

11. The Motion for *Ex-Parte* Temporary Restraining Order, ECF No. [11], and the supporting materials, ECF Nos. [12], [13], and [14], shall be unsealed and this Order shall not be filed under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record